```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALPHONSO SYVILLE,                       NOT FOR PUBLICATION

                Plaintiff,              **MEMORANDUM & ORDER**
                                        18-CV-3341 (KAM) (LB)
        -against-

CITY OF NEW YORK, BLAKE MICA
SHELTER, DIRECTOR OF SOCIAL
SERVICES (NICK), et al.,

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

On February 9, 2018, *pro se* plaintiff Alphonso Syville ("plaintiff") filed this action against defendants Blake Mica Homeless Shelter, City of New York, Director of Social Services "Nick" at Blake Mica Homeless Shelter, and Case Manager "Ms. Mosley" and other, anonymous employees of Blake Mica Homeless Shelter (collectively, the "defendants"), in the United States District for the Southern District of New York. (ECF No. 2, Complaint ("Compl.").) On June 7, 2018, the case was transferred to this court. (ECF No. 4, Transfer Order.) The court grants plaintiff's request to proceed *in forma pauperis* for purposes of this Memorandum and Order. For the reasons set forth below, plaintiff's complaint is dismissed.

<u>Background</u>

On March 16, 2018, plaintiff filed a duplicative action in this court. *See Syville v. City of New York*, No. 18-

1

CV-1761 (KAM) (LB).  By Memorandum and Order in 18-CV-1761 dated June 11, 2018, the court denied plaintiff's motion for class action certification, dismissed, without prejudice, the complaint as to the forty other named plaintiffs, dismissed the complaint as to Mr. Syville's claims against the City of New York, the Department of Homeless Services and the Blake Avenue Shelter and its employees, and granted plaintiff leave to file an amended complaint within 30 days.  (ECF No. 45, Memorandum and Order.)  Plaintiff failed to file an amended complaint in 18-CV-1761 within 30 days, and, on July 16, 2018, the court *sua sponte* granted plaintiff an extension to file an amended complaint by August 3, 2018, with a warning that failure to do so might result in dismissal of the action.  Plaintiff did not file an amended complaint.  Accordingly, the court dismissed the 18-CV-1761 action and entered judgment in favor of the defendants.  (ECF No. 67, Judgment; *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).)

This action, originally filed in the Southern District of New York, raises similar claims concerning conditions at the Blake Avenue Shelter.

## Discussion

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank,*

2

*N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts are required to "consider the equities of the situation"). This policy protects judicial resources against the abuse of vexatious litigation and fosters the "comprehensive disposition" of disputes." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Therefore, the Second Circuit has held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 139.

This action raises nearly identical claims concerning conditions at the Blake Avenue Shelter as plaintiff's prior action, *Syville v. City of New York*, No. 18-CV-1761 (KAM) (LB). Further, in 18-CV-1761, the court previously held, by Memorandum and Order dated June 11, 2018, that plaintiff's claims against the City of New York, the Department of Homeless Services, and the Blake Avenue Shelter and its employees, could not proceed. (*Syville*, No. 18-CV-1761 (KAM) (LB), ECF No. 45, Memorandum and Order.)

Although plaintiff names, in the instant complaint, the Director of Social Services and his case manager at the Blake Avenue Shelter, who were not named in the prior complaint in 18-CV-1761, the complaint in the instant action, 18-CV-3341, suffers from the same deficiencies as the prior complaint. The

3

Blake Avenue Shelter is operated by a non-profit organization, SUS, and is therefore considered a private actor not subject to liability under 42 U.S.C. § 1983 for plaintiff's alleged constitutional or civil rights violations.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (finding that Section 1983 does not extend to harms caused by private individuals or private organizations).  Further, "the provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624 (RJD), 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009), *as corrected* Jan. 14, 2009.  Accordingly, the court dismisses plaintiff's claims for the reasons discussed in the court's prior Memorandum and Order dated June 11, 2018 in 18-CV-1761.

## Conclusion

Because this court has previously entered judgment against plaintiff in 18-CV-1761 concerning the identical asserted claims, the court **dismisses with prejudice** plaintiff's complaint in this action.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully

4

directed to enter judgment against plaintiff and close this case.

Further, the Clerk of Court is respectfully directed to send, by e-mail, a copy of this Memorandum and Order and the judgment to the *pro se* plaintiff, who has consented to receive electronic service via the ECF system (*see* ECF No. 3) and to note service on the docket.

**SO ORDERED.**

_____/s/_____
**Hon. Kiyo A. Matsumoto**
United States District Judge

Dated: May 28, 2020
       Brooklyn, New York